UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW E. ORSO,
in his capacity as court-appointed
Receiver for Rex Venture Group, LLC
d/b/a ZeekRewards.com,

        Plaintiff,

v.                                            Case No: 6:21-mc-20-PGB-DAB

JERZY HORVATH,
member of Defendant class of Net
Winners,

        Defendant.

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ISSUANCE OF CONTINUING WRIT OF GARNISHMENT AGAINST HOMESMART COASTAL REALTY AND MEMORANDUM OF LAW (Doc. No. 28)** |
| **FILED:** | October 11, 2022 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

### I. BACKGROUND

On January 21, 2021, Matthew E. Orso, as successor receiver for Rex Venture Group, LLC, registered a foreign judgment in this Court in the amount of

$31,604.06 against Defendant Jerzy Horvath (Doc. No. 1), so the judgment has the same force and effect as if it were entered by this Court. *See* 28 U.S.C. § 1963. Orso's assignee, Nationwide Judgment Recovery, Inc. ("Nationwide"),[1] states that, to date, $4,270.50 has been applied to the judgment balance as a result of a final judgment of garnishment entered by the Court (Doc. No. 26). Doc. No. 28 ¶ 4. As of October 11, 2022, the total balance owed on the judgment is $29,042.09, which includes $1,708.53 in post-judgment interest that has accrued since the entry of the judgment. *Id.* Nationwide believes that Defendant's employer, HomeSmart Coastal Realty, has in its possession and control money or property belonging to Defendant sufficient to satisfy the judgment in whole or in part. *Id.* ¶ 5. Accordingly, Nationwide moves for the issuance of a continuing writ of garnishment as to HomeSmart Coastal Realty as Garnishee. Doc. No. 28.

## II.   APPLICABLE STANDARDS

A party may enforce a money judgment by a writ of execution. Fed. R. Civ. P. 69(a)(1). The procedure must accord with the procedure of the state where the

---

[1] Nationwide is assignee of Matthew E. Orso in his capacity as Court-Appointed successor Receiver for Rex Venture Group, LLC d/b/a Zeekrewards.Com based on a December 16, 2019, Bill of Sale and Assignment (Doc. No. 1 at 5). *See, e.g.*, *Nationwide Judgment Recovery, Inc. v. Kenerly-James*, No. 6:22-mc-00025-PGB-DAB, Registration of Foreign Judgment filed by Nationwide Judgment Recovery, Inc. (M.D. Fla. filed Aug 2, 2022); *Orso v. Sannella*, No. 6:21-mc-00074-CEM-DCI, Notice of Filing Documents Evidencing Assignment of Judgment From Receiver Orso to Nationwide Judgment Recovery, Inc. by Nationwide Judgment Recovery, Inc. (M.D. Fla. filed Mar. 31, 2022).

court is located. *Id.* In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. Fla. Stat. § 77.01. Where the judgment debtor's salary or wages are to be garnished to satisfy a judgment, Fla. Stat. § 77.0305 allows the Court to issue a continuing writ of garnishment to the judgment debtor's employer. *Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31UAM, 2008 WL 114920, at *1 (M.D. Fla. Jan. 8, 2008). A continuing writ of garnishment provides for "periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied." Fla. Stat. § 77.0305. Continuing writs are subject to certain exemptions, if applicable, including a head of household exemption, as codified in Fla. Stat. §§ 77.041 and 222.11.

Chapter 77 of the Florida Statutes sets forth the procedure for obtaining a writ of garnishment under Florida law. After judgment has been obtained against a defendant, but before the writ of garnishment is issued, the plaintiff shall file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The proposed writ shall state the amount named in the plaintiff's motion and require the garnishee to serve an answer on the plaintiff within twenty days after service of the writ. *Id.* § 77.04. Post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor. *See United Presidential Life Ins. Co. v. King*, 361 So. 2d

710, 713 (Fla. 1978); *Commc'ns Ctr., Inc.*, 2008 WL 2717669, at *1 (citing *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)).

## III.  ANALYSIS

As Nationwide has obtained a judgment against Defendant, Nationwide has a right to a continuing writ of garnishment. Fla. Stat. § 77.01. Nationwide's Motion states the amount of the judgment, and Nationwide attached a proposed writ as an exhibit to the Motion. Doc. No. 28-1. The proposed writ states the amount in the Motion and directs HomeSmart Coastal Realty to respond within twenty days. *Id.*

## IV.  CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Nationwide's Motion (Doc. No. 28) is **GRANTED**.

2. The Clerk of Court shall issue a continuing writ of garnishment to HOMESMART COASTAL REALTY, ATT: Registered Agent, 1680 Highway A1A, Suite 5, Satellite Beach, Florida 32937. The Clerk of Court shall use the proposed Continuing Writ of Garnishment attached to Nationwide's Motion. (Doc. No. 28-1.) The continuing writ of garnishment shall include copies of Nationwide's Motion (Doc. No. 28) and the registered judgment (Doc. No. 1). The Clerk shall also attach to the writ the "Notice to Defendant" required by Section 77.041(1) of the Florida Statutes.

3. Nationwide is directed to comply with Section 77.041(2) of the Florida Statutes.

**IT IS SO ORDERED** on October 13, 2022.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties